UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| ZAKIA FATIMA,<br><br>Plaintiff,<br><br>-against-<br><br>MARCO RUBIO, Secretary of State, *et al.*,<br><br>Defendants. | : | **MEMORANDUM AND ORDER**<br>**25-cv-5318 (DLI)** |

-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Zakia Fatima ("Plaintiff") brings this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361, to compel Marco Rubio, U.S. Secretary of State, John Armstrong, Senior Bureau Official of the Bureau of Consular Affairs, and Natalie Baker, Deputy Chief of Mission at the U.S. Embassy in Islamabad, Pakistan (collectively, "Defendants"), to adjudicate her I-130 visa application for her spouse, Syed Ali Raza Jaffery ("Beneficiary"). *See*, Complaint ("Compl."), Dkt. Entry No. 1. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and failure to state a claim. *See*, Defs.' Mot. to Dismiss ("Mot."), Dkt. Entry No. 7-1. Plaintiff opposed the motion. *See*, Pl.'s Opp'n ("Opp'n"), Dkt. Entry No. 8. Defendants replied. *See*, Defs.' Reply ("Reply"), Dkt. Entry No. 9. For the reasons set forth below, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted and the case is dismissed.

## BACKGROUND

Unless otherwise indicated, the following facts are as alleged in the complaint. Plaintiff is a United States citizen. Compl. ¶ 1. On June 4, 2020, Plaintiff filed an I-130 visa application with the U.S. Citizenship and Immigration Services on behalf of Beneficiary, which was approved on

May 2, 2022. *Id.* ¶ 10. On July 24, 2022, the National Visa Center sent Beneficiary an email informing him that his immigrant visa case ("Visa Petition") had been created. *Id.* ¶ 11. After Plaintiff and Beneficiary submitted all required forms, documents, and fees, they were informed that Plaintiff's Visa Petition was "documentarily qualified." *Id.* ¶¶ 12-13.

On June 10, 2024, Beneficiary appeared for his immigrant visa interview in Islamabad, Pakistan before a consular officer. *Id.* ¶ 14. After the interview, the consular officer informed Beneficiary that his Visa Petition had been refused under § 221(g) of the Immigration and Nationality Act and was being placed under administrative processing. *Id.* ¶ 15. Following the interview, Plaintiff and Beneficiary provided the embassy with additional requested documentation on three separate occasions. *Id.* ¶ 16. Plaintiff has not received any additional updates pertaining to the Visa Petition since last submitting documentation on December 2, 2024. *Id.* ¶ 17. Plaintiff asserts that the delay caused her to suffer "irreparable and other harm, thereby entitling her to . . . relief." *Id.* ¶ 25. Thus, she asks this Court to compel final adjudication of her I-130 visa application. *Id.* at 8.

## LEGAL STANDARD

In evaluating a motion to dismiss pursuant to Rule 12(b)(1), the court accepts as true all factual allegations in the complaint, but should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). As subject matter jurisdiction is a threshold issue, a district court must consider a challenge to subject matter jurisdiction before other grounds for dismissal. *Rich v. New York*, 2022 WL 992885, at *3 (S.D.N.Y. Mar. 31, 2022) (citing *Rhulen*

*Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). Thus, the Court must address subject matter jurisdiction first.[1]

**DISCUSSION**

Defendants argue that review of the complaint is barred by the doctrine of consular nonreviewability. *See*, Mot. at 1-2. Plaintiff contends that consular nonreviewability is inapplicable in this case because an "interim [§] 221(g) refusal" followed by additional administrative processing is not a final decision, and the doctrine "does not insulate a delay in reaching [a final] decision[] from judicial review." Opp'n at 5, 7-8. Defendants counter that the doctrine applies to both final decisions and allegations of delay. *See*, Reply at 7.

Consular nonreviewability refers to the "long-standing judicial practice of refusing to review a consular official's decision to issue or withhold a visa." *See*, *Salim v. U.S. Att'y Gen. Merrick Garland*, 2024 WL 4198498, at *2 (E.D.N.Y. Sept. 16, 2024). Through its plenary powers, Congress has vested United States consular officers with the exclusive power to issue or deny visas. *See*, 8 U.S.C. §§ 1101(a)(9), (16); 1201(a); *See also*, 8 U.S.C. § 1104(a)(1) ("The Secretary of State shall be charged with the administration and the enforcement of . . . immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas*." (emphasis added)). "This doctrine of consular non-reviewability reflects the plenary power of Congress 'to prescribe the terms and conditions upon which [aliens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention.'" *Khanom v. Kerry*, 37 F. Supp.3d 567, 574 (E.D.N.Y. Jul. 15, 2014) (quoting *Wan Shih Hsieh v. Kiley*,

[1] The Court need not address Defendants' arguments regarding mootness or under Rule 12(b)(6) because the doctrine of consular nonreviewability bars judicial review of this case.

569 F.2d 1179, 1181 (2d Cir. 1978)).

The doctrine is well established black letter law and beyond dispute. "The power of [C]ongress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications." *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895)). In sum, the judiciary "[may] not interfere with the visa-issuing process" unless an American citizen's or legal resident's constitutional rights are implicated. *Hsieh*, 569 F.2d at 1181; *Am. Acad. of Religion*, 463 F. Supp.2d at 417 ("[T]he doctrine [of consular nonreviewability] does not apply in cases brought by U.S. citizens raising constitutional, rather than statutory claims."); *See also*, *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024) ("The Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions. . . . We have assumed that a narrow exception to this bar exists when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen.") (internal quotation marks omitted).

This Court and the majority of others in this circuit have applied the doctrine of consular nonreviewability to actions challenging a consular officer's final decision and actions seeking adjudication of a visa application, such as undue delay. *See*, *Salim*, 2024 WL 4198498, at *3 (collecting cases). There simply is no statutory or Second Circuit authority that "bestow[s] upon a federal court the power to order a consulate to adjudicate a visa application by some judicially determined calendar." *Id.* (quoting *Saleh v. Holder*, 84 F. Supp.3d 135, 139 (E.D.N.Y. Nov. 4, 2014)). The Court declines to follow the minority of courts in this circuit or the out of circuit authority cited by Plaintiff that have held the doctrine does not prohibit judicial review of undue

delay claims. *Id.* (collecting cases); Opp'n at 7-8 (collecting cases).

Moreover, none of the statutes cited by Plaintiff allow the Court to review her claims. Plaintiff asserts that this Court has jurisdiction pursuant to: (1) federal question jurisdiction, 28 U.S.C. § 1331; (2) the All Writs Act, 28 U.S.C. § 1651; (3) the Mandamus Act, 28 U.S.C. § 1361; (4) the APA, 5 U.S.C. §§ 701 *et seq.*; and (5) the Federal Tort Claims Act 28 U.S.C. § 1346(b) ("FTCA"). *See*, Compl. ¶ 3. Courts routinely have held that these statutes do not provide a freestanding basis for jurisdiction. *See*, *Salim*, 2024 WL 4198498, at *3 (APA, Mandamus Act, and § 1331 did not provide a basis for jurisdiction); *Castillo v. Rice*, 581 F. Supp.2d 468, 471 (S.D.N.Y. 2008) (the All Writs Act did not provide "subject matter jurisdiction in its own right").

Plaintiff's bid for jurisdiction pursuant to 28 U.S.C. § 1346(b) also fails. While under the FTCA the United States's sovereign immunity from suit can be waived, it only does so for claims that are premised on other sources of law and is not an independent source of jurisdiction for any case where the United States is simply a named defendant. *See*, 28 U.S.C. § 1346(b) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."); *C.f.*, *Khanom*, 37 F. Supp.3d at 576 ("Section 1346(a)(2) . . . is not a freestanding source of jurisdiction for any and all claims alleged against the United States, but rather is simply a jurisdictional provision that operates to waive sovereign immunity for claims premised on other sources of law.").[2]

---

[2] Moreover: (1) the FTCA contains an exception for tort claims arising in a foreign country; and (2) there is no evidence that Plaintiff exhausted her administrative remedies. *See*, *Asmah*, 2016 WL 2993203, at *4 ("[T]he FTCA contains an explicit exception for claims arising in a foreign country."); *Celestine v. Mount Vernon Neighborhood*

While consular nonreviewability's jurisdictional bar is not absolute, it yields only when the constitutional, rather than statutory, rights of American citizens or legal residents are implicated. *See*, *Foad*, 2015 WL 1540522 at *3; *Morales*, 2013 WL 937825 at *3. Plaintiff points to no alleged constitutional deprivations that would trigger an exception to the doctrine. Accordingly, judicial review of Plaintiff's claims is barred.

**<u>CONCLUSION</u>**

For the reasons set forth above, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted, and this case is dismissed in its entirety.[3]

SO ORDERED.

DATED: Brooklyn, New York
September 29, 2026

____________/s/______________
DORA L. IRIZARRY
United States District Judge

*Health Ctr*, 403 F.3d 76, 82 (2d Cir. 2005) (district courts lack subject matter jurisdiction over FTCA claims where the plaintiff failed to exhaust all administrative remedies).

[3] While Plaintiff does not seek leave to amend, as amendment would be futile under prevailing Second Circuit case law, the Court denies leave to amend. *See*, *Coulibaly v. Edlow*, 2025 WL 2696473, at *5 n. 9 (E.D.N.Y. Sept. 22, 2025) (citing *Chhabra v. Blinken*, 2022 WL 17587850, at *1 (2d Cir. Dec. 13, 2022)).